IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ALONZO MOREFIELD, JR., | * | |
| GA479 955 | | |
|     Plaintiff, | * | |
| | | |
|      v. | * | 2:07-CV-780-MHT |
| | | (WO) |
| GINA SAVAGE, *et al.*, | * | |
| | | |
|     Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Georgia State Prison in Reidsville, Georgia.[1]

He  filed this complaint in the Circuit Court for Montgomery County, Alabama, on June 20,

2007.  Defendants removed this 42 U.S.C. § 1983 action to this court on August 29, 2007.

In the complaint, Plaintiff  alleges that rights, privileges, or immunities afforded him

under the Constitution or laws of the United States were abridged due to the conduct and/or

actions of Defendants during his incarceration in the Montgomery County Detention Facility

from August 4, 2004 through December 11, 2004.  Plaintiff also alleges that Defendants'

conduct and/or actions violated his rights under state law.  Plaintiff brings this complaint for

attorney's fees and damages against Gina Savage, Wanda Robinson, Captain Palmer-Byrd,

Ms. Brown, F. Davis, P. Harris, Deputy Ibidapo, and Deputy Foster.  Upon review of the

_____

[1]Although in their notice of removal Defendants state that Plaintiff is incarcerated at the Montgomery
County Detention Facility, both the summons and certificate of service attached to the complaint Plaintiff
filed in state court  reflect that he is currently residing at the Georgia State Prison in Reidsville, Georgia.

complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

*A.  Claims Barred by the Statute of Limitations*

Plaintiff complains that Defendants subjected him to various unconstitutional conditions of confinement while he was incarcerated at the Montgomery County Detention Facility from  August 4, 2004 to December 11, 2004.   It is  clear from the face of the complaint that Plaintiff's challenges to the conditions about which he complains  to are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a limitations period for   § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  At the time Plaintiff filed the instant

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

The alleged unconstitutional actions about which Plaintiff complains occurred between August 4, 2004 and December 11, 2004. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing. Consequently, the applicable statute of limitations expired on Plaintiff's claims on or before December 11, 2006. As previously noted, the instant complaint was filed in this court on August 29, 2007. This filing occurred ***after*** the applicable periods of limitation had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an

affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v.*

*State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for

frivolousness or maliciousness even before service of process or before the filing of the

answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants

the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a
> significant benefit to courts (because it will allow them to use their scarce
> resources effectively and efficiently), to state officials (because it will free
> them from the burdens of frivolous and harassing litigation), and to prisoners
> (because courts will have the time, energy and inclination to give meritorious
> claims the attention they need and deserve). "We must take advantage of
> every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179,
> 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no

legal basis on which to proceed with regard to those claims which occurred on or before

December 11, 2006 as he filed this cause of action more than two (2) years after the

violations which form the basis of those claims accrued. As previously determined, the

statutory tolling provision provides no basis for relief. In light of the foregoing, the court

concludes that Plaintiff's challenges to the actions of Defendants with respect to matters

which occurred on or before December 11, 2006 are barred by the applicable statute of

limitations. These claims are, therefore, subject to dismissal as frivolous in accordance with

the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole*

*Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

B.  *The State Law Claims*

Independent of his federal claim, Plaintiff to  seek to invoke the pendent jurisdiction

of this court to consider those claims for relief which he contends are in violation of "local,

county, and state law." (Doc. No. 1 at 1.)     In the posture of this case, however, exercise

of the court's supplemental jurisdiction would be inappropriate.

For a federal court to exercise pendent or supplemental jurisdiction over state law

claims, "the court must have jurisdiction over a substantial federal claim and the federal and

state claims must derive from a 'common nucleus of operative fact.'" *L.A. Draper and Son

v. Wheelabrator Frye, Inc.*, 735 F.2d 414 (11th  Cir. 1984) (quoting *Jackson v. Stinchcomb*,

635 F.2d 462, 470 (5th Cir. 1981), quoting *United Mine Workers v. Gibb*, 383 U.S. 715, 725

(1966)).  The exercise of this jurisdiction is discretionary.  *United Mine Workers* , 383 U.S.

at 726.  "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even

requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.  In view of

the court's  resolution of the federal claims presented in the complaint, Plaintiff's pendent

state law claims are due to be dismissed.  *Gibbs,* 383 U.S. at 726 ("[I]f the federal claims are

dismissed prior to trial  . . . the state claims should be dismissed as well."); *see also Ray v.

Tennessee Valley Authority*, 677 F.2d 818 (11th  Cir. 1982).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred from August 4, 2004 through December 11, 2004 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation;

2. Plaintiff's pendent state law claim(s) be DISMISSED without prejudice; and

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 17, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 4th day of September 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE